FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 20, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHEILA J.,[1] | No. 1:23-CV-03075-MKD |
| Plaintiff, | ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER |
| v. | |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[2] | **ECF Nos. 10, 12** |
| Defendant. | |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kililo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

1  Before the Court are the parties' briefs.  ECF Nos. 10, 12.  The Court,

2  having reviewed the administrative record and the parties' briefing, is fully

3  informed.  For the reasons discussed below, the Court reverses the

4  Commissioner's decision and remands the case.

## JURISDICTION

6  The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

8  A district court's review of a final decision of the Commissioner of Social

9  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g)

10  is limited; the Commissioner's decision will be disturbed "only if it is not

11  supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698

12  F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant

13  evidence that a reasonable mind might accept as adequate to support a

14  conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently,

15  substantial evidence equates to "more than a mere scintilla[,] but less than a

16  preponderance."  *Id.* (quotation and citation omitted).  In determining whether the

17  standard has been satisfied, a reviewing court must consider the entire record as a

18  whole rather than searching for supporting evidence in isolation.  *Id.*

19  In reviewing a denial of benefits, a district court may not substitute its

20  judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

ORDER - 2

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than

one rational interpretation, [the court] must uphold the ALJ's findings if they are

supported by inferences reasonably drawn from the record."  *Molina v. Astrue,*

674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §

404.1502(a).  Further, a district court "may not reverse an ALJ's decision on

account of an error that is harmless."  *Id*.  An error is harmless "where it is

inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115

(quotation and citation omitted).  The party appealing the ALJ's decision

generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*,

556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be

"of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

ORDER - 3

substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §

404.1520(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On July 3, 2014, Plaintiff applied for Title II disability insurance benefits alleging a disability onset date of June 21, 2014.  Tr. 60, 153-59, 905.  The application was denied initially and on reconsideration.  Tr. 75-77, 83-90. Plaintiff appeared before an administrative law judge (ALJ) on February 22, 2017. Tr. 32-51.  On April 19, 2017, the ALJ denied Plaintiff's claim.  Tr. 12-28. Plaintiff appealed the denial, which resulted in a remand from this Court.  Tr. 968-88.  Plaintiff appeared for a remand hearing on July 15, 2020.  Tr. 924-41.  On July 24, 2020, the ALJ again denied Plaintiff's claim.  Tr. 902-23.  Plaintiff again appealed the denial, resulting in another remand from this Court.  Tr. 1416-44.

ORDER - 6

Plaintiff appeared for a third hearing on February 2, 2023.  Tr. 1376-93.  On

March 29, 2023, the ALJ again denied Plaintiff's claim.  Tr. 1352-75.

At step one of the sequential evaluation process, the ALJ found Plaintiff,

who met the insured status requirements through June 30, 2017, did not engage in

substantial gainful activity from the alleged onset date through the date last

insured.  Tr. 1358.  At step two, the ALJ found that Plaintiff had the following

severe impairment through the date last insured: bipolar disorder in partial

remission.  *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or

combination of impairments that met or medically equaled the severity of a listed

impairment.  Tr. 1359.  The ALJ then concluded that Plaintiff had the RFC to

perform a full range of work at all exertional levels but with the following non-

exertional limitations:

> [Plaintiff could] do simple tasks with occasional contact with
> supervisors, coworkers, and the public; able to perform unskilled jobs
> with few changes in the workplace; no concentrated exposure to
> hazards, wetness, temperature extremes, or vibration.

Tr. 1361.

At step four, the ALJ found Plaintiff was capable of performing her past

relevant work as an agricultural sorter.  Tr. 1366.  Alternatively, at step five, the

ALJ found that, considering Plaintiff's age, education, work experience, RFC, and

testimony from the vocational expert, there were jobs that existed in significant

ORDER - 7

numbers in the national economy that Plaintiff could perform, such as marker, routing clerk, and collator operator.  Tr. 1367.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of June 21, 2014, through the date last insured.  Tr. 1368.

Per 20 C.F.R. §§ 404.984, the ALJ's decision following this Court's prior remand became the Commissioner's final decision for purposes of judicial review.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ followed the remand Orders;

2.  Whether the ALJ properly evaluated Plaintiff's symptom claims;

3.  Whether the ALJ properly evaluated the medical opinion evidence; and

4.  Whether the ALJ properly evaluated lay witness evidence.

ECF No. 10 at 2.

## DISCUSSION

**A. Remand Order**

Plaintiff contends the ALJ erred in failing to follow this Court's prior remand Order.  ECF No. 10 at 4-7.  The law of the case doctrine applies in the Social Security context.  *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).

ORDER - 8

Under the law of the case doctrine, a court is precluded from revisiting issues which have been decided, either explicitly or implicitly, in a previous decision of the same court or a higher court. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). The doctrine of the law of the case "is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at 567.

"The mandate of a higher court is controlling as to matters within its compass." *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 168 (1939). An administrative agency is bound on remand to apply the legal principles set out by the reviewing court. *Jackson v. Berryhill*, No. 3:17-CV-05312-DWC, 2018 WL 1466423, at *2 (W.D. Wash. Mar. 26, 2018) (citing *Ischay v. Barnhart,* 383 F.Supp.2d 1199, 1213-14 (C.D. Cal. 2005); *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (citations omitted) (deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review)). In Social Security cases, when the Appeals Council remands a case to the ALJ, the ALJ must take any action ordered by the Appeals Council and must follow the specific instructions of the reviewing court. 20 C.F.R. § 404.977; *Samples v. Colvin,* 103 F. Supp. 3d 1227, 1231-32 (D. Or. 2015).

ORDER - 9

This Court previously found the 2020 ALJ's decision violated the law of the case and rule of mandate.  Tr. 1429-34.  Plaintiff contends the ALJ again committed the same error.  ECF No. 10 at 4.

### 1. Plaintiff's Symptom Claims

First, in the 2017 Order, this Court found the ALJ erred in rejecting Plaintiff's claims due to Plaintiff's alleged improvement with treatment.  Tr. 978.  The ALJ repeated the error in the 2020 decision, which the Court found was again an error.  Tr. 1429-34.  The ALJ now states Plaintiff "experienced stabilized symptoms and improved functioning when she was complaint [sic] with taking the medications."  Tr. 1362.  The ALJ reiterated that after being discharged from the hospital, Plaintiff "was stabilized on medications," and she later had "significant improvement" with medication compliance.  *Id.*  The ALJ's analysis, considering Plaintiff's improvement after her periods of decompensation and hospitalization, mirrors the prior analyses the Court has twice found erroneous.  Tr. 20-21, 911-13, 978, 1431.

Defendant contends the ALJ did not error, because the ALJ merely discussed the medical records, which document symptom improvement, and the ALJ thus did not fail to comply with this Court's Order.  ECF No. 12 at 5-6.  However, the ALJ did not simply summarize the medical

ORDER - 10

records, but rather explicitly and repeatedly found Plaintiff's symptoms

improved with treatment.  Tr. 1363.  After discussing the symptom

improvement, the ALJ then stated the longitudinal history of the treatment

records fail to support Plaintiff's allegations.  *Id.*  The ALJ thus rejected

Plaintiff's claims because of her improvement with treatment, after this

Court found this was not a clear and convincing reason to reject Plaintiff's

claims.  The ALJ erred in again considering this question, which the Order

laid the issue to rest.  *See Samples,* 103 F. Supp. 3d at 1231-32 (citing

*Sprague,* 307 U.S. at 168).

Defendant contends any error was harmless, because the ALJ

offered other supported reasons to reject Plaintiff's symptom claims.  ECF

No. 12 at 6.  However, the Court finds the other reason offered is not

supported, as discussed *supra.*  Further, deviation from the Court's remand

Order is itself legal error that justifies remand.  *See Sullivan*, 490 U.S. at

886.  Additionally, the ALJ again used Plaintiff's alleged improvement to

discredit her symptom claims and to reject two medical opinions, as well

as a lay opinion, as discussed *supra.*  The repeated error therefore impacts

multiple portions of the decision, and the Court finds the error was

harmful.

ORDER - 11

### 2. *Medical Opinion Evidence*

Next, the ALJ again erroneously rejected Dr. Jackson and Ms. Kass' opinions because Plaintiff improved with treatment.  Tr. 1365-66, 1438-40. Defendant appears to concede the ALJ erred in rejecting the opinions because of Plaintiff's improvement with treatment, but contends the Court previously found the other reasons were supported, and thus the law of the case doctrine dictates this Court must affirm its prior finding.  ECF No. 12 at 6.  Defendant does not offer an analysis as to how the Court should address the ALJ's erroneous consideration of the improvement with treatment.  The Court finds the ALJ's repeated error, again rejecting Plaintiff's symptom claims and two medical opinions because of Plaintiff's alleged improvement, was harmful error.

### 3. *Repeated Analyses*

Next, Plaintiff cites to multiple portions of the ALJ's analysis that are copied from the prior decision, despite the Court's Order to set forth a new analysis and not rely on the prior erroneous analysis.  ECF No. 10 at 5-6. Defendant contends the ALJ examined the same medical records and thus it is reasonable that some of the analysis is the same as the prior decision.  ECF No. 12 at 5-6.  However, the ALJ again relied on portions on the prior Order that were deemed erroneous, despite the Court's explicit direction to not rely on prior

ORDER - 12

erroneous analysis.  For example, the ALJ repeated the sentence almost word-for-

word, "[t]he subsequent treatment records show significant improvement in the

claimant's condition with medication compliance."  Tr. 21, 912, 1362.  The ALJ

erred in failing to follow the specific instructions set forth in this Court's prior

Order.  *See Samples,* 103 F. Supp. 3d at 1231-32.

### 4.  Appointments Clause

Lastly, Plaintiff contends the ALJ's decision violates the Appointments

Clause.  ECF No. 10 at 6-7.  In *Lucia,* the Supreme Court held that appointments

of ALJs must comply with the requirements of the Appointments Clause, and

plaintiffs whose cases were decided by an improperly appointed ALJ were entitled

to a new hearing before a different ALJ.  *Lucia v. SEC*, 585 U.S. 237, 251 (2018).

The Social Security Administration responded in July 2018 by ratifying the

appointments of all ALJs and vacating pre-ratification ALJ decisions for any

timely challenged decisions.  84 Fed. Reg. 9582-02, 9583 (2019).  Decisions made

even by ratified ALJs may still violate the Appointments Clause, if the ALJ's

decision is tainted by the prior pre-ratification decision.  *Cody v. Kijakazi*, 48

F.4th 956, 963 (9th Cir. 2022).  In *Cody*, the Ninth Circuit held the plaintiff was

entitled to a new hearing before a different ALJ because the ALJ copied and

pasted portions of her prior pre-ratified decision, indicating the ALJ did not take a

fresh look at the case after she was ratified.  *Id.*

ORDER - 13

1      Like the ALJ in *Cody*, the ALJ here copied multiple portions of the 2017

2   decision verbatim.  As the 2017 decision was rendered prior to the ALJ being

3   ratified, the ALJ erred in relying on the pre-ratification decision.  The ALJ's

4   reliance on the prior decision thus tainted the current decision, in violation of the

5   Appointments Clause.

6   **B. Plaintiff's Symptom Claims**

7      Plaintiff faults the ALJ for failing to rely on reasons that were clear and

8   convincing in discrediting her symptom claims.  ECF No. 10 at 7-12.  An ALJ

9   engages in a two-step analysis to determine whether to discount a claimant's

10  testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.

11  "First, the ALJ must determine whether there is objective medical evidence of an

12  underlying impairment which could reasonably be expected to produce the pain or

13  other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).

14  "The claimant is not required to show that [the claimant's] impairment could

15  reasonably be expected to cause the severity of the symptom [the claimant] has

16  alleged; [the claimant] need only show that it could reasonably have caused some

17  degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

18     Second, "[i]f the claimant meets the first test and there is no evidence of

19  malingering, the ALJ can only reject the claimant's testimony about the severity

20  of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

omitted).  General findings are insufficient; rather, the ALJ must identify what

symptom claims are being discounted and what evidence undermines these

claims.  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas*,

278 F.3d at 958 (requiring the ALJ to sufficiently explain why it discounted

claimant's symptom claims)).  "The clear and convincing [evidence] standard is

the most demanding required in Social Security cases." *Garrison v. Colvin*, 759

F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*,

278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and

limiting effects of a claimant's symptoms include: 1) daily activities; 2) the

location, duration, frequency, and intensity of pain or other symptoms; 3) factors

that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness,

and side effects of any medication an individual takes or has taken to alleviate

pain or other symptoms; 5) treatment, other than medication, an individual

receives or has received for relief of pain or other symptoms; 6) any measures

other than treatment an individual uses or has used to relieve pain or other

symptoms; and 7) any other factors concerning an individual's functional

limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL

1119029, at *7; 20 C.F.R. § 404.1529(c).  The ALJ is instructed to "consider all of

the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence.  Tr. 1362.

As discussed *supra,* the ALJ erred in reconsidering issues this Court laid to rest in the prior Order, and in reusing analyses the Court directed the ALJ to not reuse.  This in itself is reason to remand the case.  The only additional reason the ALJ added to the analysis of Plaintiff's symptom claim was a finding that Plaintiff's activities of daily living were inconsistent with Plaintiff's claims.  Tr. 1363-64.  The ALJ may consider a claimant's activities that undermine reported symptoms.  *Rollins*, 261 F.3d at 857.  If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms.  *Fair*, 885 F.2d at 603; *Molina*, 674 F.3d at 1113.  "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are

ORDER - 16

transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

The ALJ cited to Plaintiff's ability to engage in self-care, household chores, and other activities within her home. Tr. 1363-64. Plaintiff also had assistance with some of the tasks and required reminders for some tasks. Tr. 208-09, 220-21. The ALJ does not cite to any other activities, beyond Plaintiff's ability, during periods she was not decompensating, to engage in personal and household care activities within the home and to go shopping. The ALJ does not explain how these activities are transferable to a work setting or contradict Plaintiff's claims of debilitating symptoms. The ALJ only states that the activities demonstrate Plaintiff can take part in a "relatively normal daily or weekly routine." Tr. 1364. This is not a clear and convincing reason to reject Plaintiff's symptom claims.

## C. Medical Opinion Evidence

Plaintiff contends the ALJ erred in his consideration of the opinions of Caryn Jackson, M.D., and Joanna Kass, ARNP. ECF No. 10 at 12-17.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations

ORDER - 17

omitted).  Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's.  *Id.* at 1202.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists."  *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).  The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

ORDER - 18

1    As discussed *supra,* the ALJ erroneously reconsidered an issue this Court's

2    prior Order laid to rest, and erroneously failed to follow specific instructions set

3    forth in this Court's Order.  As such, the Court finds the ALJ erred in his

4    consideration of the medical opinion evidence.  As the Court finds remand for

5    immediate benefits is appropriate for the reasons discussed herein, the Court

6    declines to address the additional reasons offered by the ALJ to reject the medical

7    opinion evidence.  *See Hiler*, 687 F.3d at 1212.

8    **D. Lay Opinion Evidence**

9    Plaintiff contends the ALJ erred in his consideration of the lay opinion

10    evidence.  ECF No. 10 at 17-18.  An ALJ must consider the statement of lay

11    witnesses in determining whether a claimant is disabled.  *Stout*, 454 F.3d at 1053.

12    Lay witness evidence cannot establish the existence of medically determinable

13    impairments, but lay witness evidence is "competent evidence" as to "how an

14    impairment affects [a claimant's] ability to work."  *Id.*; 20 C.F.R. § 404.1513; *see*

15    *also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and

16    family members in a position to observe a claimant's symptoms and daily

17    activities are competent to testify as to her condition.").  If a lay witness statement

18    is rejected, the ALJ "'must give reasons that are germane to each witness.'"

19    *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing *Dodrill*, 12 F.3d at

20    919).

First, the ALJ applied the wrong standard when considering the lay opinion evidence. The ALJ found he was no longer required to articulate the persuasiveness of the statements. Tr. 1364. The ALJ applied the standard set forth in 20 CFR 404.1520c, however that regulation applies only to claims filed on or after March 27, 2017. 20 CFR 404.1520c. Plaintiff filed her application on July 3, 2014. Thus, the ALJ applied the incorrect standard. An ALJ's decision will be set aside if the ALJ did not apply proper legal standards. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (citing *Bray,* 554 F.3d at 1222; *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (requiring that a Commissioner's decision be free of "legal error")). Defendant does not address this issue. The Court finds the ALJ harmfully erred in applying the wrong legal standard when analyzing the lay opinion evidence.

Second, the ALJ rejected the lay opinion evidence in part because Plaintiff "admits to significant improvement in her functioning when she is on medications." Tr. 1364. As discussed *supra*, the ALJ erred in reconsidering Plaintiff's improvement with treatment. The ALJ's error also impacted the lay opinion evidence analysis.

**E. Remedy**

Plaintiff urges this Court to award immediate benefits. ECF No. 10 at 18-21. "The decision whether to remand a case for additional evidence, or simply to

award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d

1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

When the Court reverses an ALJ's decision for error, the Court "ordinarily must

remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041,

1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)

("the proper course, except in rare circumstances, is to remand to the agency for

additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec.

Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social

Security cases, the Ninth Circuit has "stated or implied that it would be an abuse

of discretion for a district court not to remand for an award of benefits" when

three conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under

the credit-as-true rule, where (1) the record has been fully developed and further

administrative proceedings would serve no useful purpose; (2) the ALJ has failed

to provide legally sufficient reasons for rejecting evidence, whether claimant

testimony or medical opinion; and (3) if the improperly discredited evidence were

credited as true, the ALJ would be required to find the claimant disabled on

remand, the Court will remand for an award of benefits.  *Revels v. Berryhill*, 874

F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied,

the Court will not remand for immediate payment of benefits if "the record as a

whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759

ORDER - 21

F.3d at 1021.  Here, the Court finds that each of the credit-as-true factors is

satisfied and that remand for the calculation and award of benefits is warranted.

As to the first element, administrative proceedings are generally useful

where the record "has [not] been fully developed," *id.* at 1020, there is a need to

resolve conflicts and ambiguities, *Andrews*, 53 F.3d at 1039, or the "presentation

of further evidence . . . may well prove enlightening" in light of the passage of

time, *I.N.S. v Ventura*, 537 U.S. 12, 18 (2002).  *Cf. Nguyen*, 100 F.3d at 1466-67

(remanding for ALJ to apply correct legal standard, to hear any additional

evidence, and resolve any remaining conflicts); *Byrnes v. Shalala*, 60 F.3d 639,

642 (9th Cir. 1995) (same); *Dodrill*, 12 F.3d at 919 (same); *Bunnell v. Sullivan*,

947 F.2d 341, 348 (9th Cir. 1991) (en banc) (same).

Here, the record has been fully developed.  There is ample medical

evidence in the record, spanning the entire relevant adjudicative period.  There are

multiple disabling opinions in file.  Plaintiff has testified at multiple hearings.

There is no further need for development.

As to the second prong, as discussed *supra*, the ALJ failed to provide

legally sufficient reasons, supported by substantial evidence, to reject Plaintiff's

symptom claims and the opinions of Ms. Kess and Dr. Jackson.  Therefore, the

second prong of the credit-as-true rule is met.

ORDER - 22

1    The third prong of the credit-as-true rule is satisfied because if Plaintiff's

2 symptom claims or the medical opinion evidence were credited as true, the ALJ

3 would be required to find Plaintiff disabled.

4    Finally, the record as a whole does not leave serious doubt as to whether

5 Plaintiff is disabled. *Garrison*, 759 F.3d at 1021. Moreover, the credit-as-true

6 rule is a "prophylactic measure" designed to motivate the Commissioner to ensure

7 that the record will be carefully assessed and to justify "equitable concerns" about

8 the length of time which has elapsed since a claimant has filed their application.

9 *Treichler*, 775 F.3d at 1100 (internal citations omitted). In *Vasquez*, the Ninth

10 Circuit exercised its discretion and applied the "credit as true" doctrine because of

11 Claimant's advanced age and "severe delay" of seven years in her application.

12 *Vasquez*, 572 F.3d at 593-94. Here, the delay of almost ten years from the date of

13 the application, and Plaintiff's now advanced age, makes it appropriate for this

14 Court to exercise its discretion and apply the "credit as true" doctrine pursuant to

15 Ninth Circuit precedent.

16    Defendant contends there is serious doubt Plaintiff is disabled. ECF No. 12

17 at 19-20. However, Plaintiff's repeated periods of hospitalization, suicidal

18 ideation, and other significant symptoms and limitations, support a remand for

19 immediate benefits. *See, e.g.,* Tr. 591, 764, 796, 1320-23. Defendant also

20 contends a remand for another hearing is necessary because of conflicting medical

ORDER - 23

opinions and evidence that conflicts with Plaintiff's symptom claims.  ECF No. 12 at 19-20.  There have been three opportunities for the medical opinion evidence and Plaintiff's symptom claims to be properly considered, and two opportunities for the ALJ to remedy errors made in the prior hearings.  Due to the ALJ's disregard of this Court's prior remand orders, the Court declines to give a fourth opportunity for the medical opinions and Plaintiff's symptom claims to be weighed.  As the credit-as-true doctrine is a prophylactic rule, immediate benefits are appropriate in this case.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Martin O'Malley as Defendant and update the docket sheet.

2. Plaintiff's Brief, **ECF No. 10**, is **GRANTED**.

3. Defendant's Brief, **ECF No. 12**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for immediate calculation and award of benefits.

ORDER - 24

1    The District Court Executive is directed to file this Order, provide copies to

2  counsel, and **CLOSE THE FILE**.

3       DATED May 20, 2024.

4                    *s/Mary K. Dimke*
                      MARY K. DIMKE
5             UNITED STATES DISTRICT JUDGE

ORDER - 25